UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**THOMAS E. RAY**                                                                              **PLAINTIFF**

v.                                            **CIVIL ACTION NO. 3:16CV-269-GNS**

**JEFFERSON COUNTY** *et al.*                                               **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Thomas E. Ray filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). Thereafter, he filed a motion for the civil action to proceed (DN 14) and a supplement (DN 15) to that motion. Because Plaintiff is proceeding *in forma pauperis*, the Court must review his complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the action and deny his motion for this action to proceed.

**I. SUMMARY OF CLAIMS**

Plaintiff brings this civil-rights action against Jefferson County; the Louisville Metropolitan Police Department (LMPD); the United States Government; LMPD Officer Shawn Hamilton; and Assistant United States Attorney Spencer McKiness. He sues the individual Defendants in both their official and individual capacities. He alleges that Defendants have denied him his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

Plaintiff claims that Defendant Hamilton violated his rights by:

> unlawfully and wrongfully choosing not to honor the plaintiff's "asserted" request for an attorney, and choosing to "deliberately elicit" the purported incriminating statement "I didn't hurt anybody" from the plaintiff during custodial interrogation in violation of Fifth Amendment right to counsel, and also "without obtaining a valid waiver of Miranda rights from the plaintiff" causing the plaintiff unlawful detention and incarceration[.]

Plaintiff further claims that Defendant Hamilton "knowingly and willfully compell[ed] plaintiff in a criminal case to be a witness against himself" by handwriting and signing a "sworn FBI 302 Document" containing Plaintiff's "unlawful unconstitutionally obtain statement 'I didn't hurt anybody'" and giving that "evidence" to Defendant McKiness "'without obtaining a valid waiver of Miranda rights' from the plaintiff[.]" He claims that Defendant Hamilton's "unlawful actions led to plaintiff's fundamentally unfair trial, illegal unconstitutional conviction, and illegal unconstitutional serving of 21 months in prison."

As to Defendant McKiness, Plaintiff alleges that he violated the Constitution "[w]hile in his investigative and administrative capacity 'before' a legal determination of probable cause for an arrest was ever authorized for approximately 1 year 'before' any judicial process began after search warrant was served on the plaintiff's home." He continues, "'Without a valid waiver of Miranda rights from the plaintiff . . .,' Mr. McKiness authorized the arrest of the plaintiff only to unlawfully, knowingly, and willfully 'use' at trial in his case-in-chief the purported unlawful unconstitutionally obtained statement 'I didn't hurt anybody' 'deliberately elicited' by Police Officer Shawn Hamilton[.]" He claims that Defendant McKiness, therefore, violated the Fifth Amendment by compelling him to be a "witness against himself through the use of compelled incriminating statements in a criminal case." Plaintiff further claims that, during the criminal trial, Defendant McKiness's "'confession' of choosing 'not to comply with the Rules of Discovery obligation to the plaintiff's counsel'" was in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Bagley*, 473 U.S. 667 (1985).

In addition, Plaintiff claims that Defendants Hamilton's and McKiness's actions violated "substantive due process under the Sixth Amendment and Fourteenth Amendment Due Process Clause rendering the plaintiff's trial 'fundamentally' unfair[.]"

Next, Plaintiff claims that Defendants Jefferson County, LMPD, and the United States Government "failed to supervise or properly train" Defendants Hamilton and McKiness, and "through their lack of proper supervision and training permitted these individuals to commit the constitutional and civil rights violations complained of in this claim." Plaintiff also claims that the governmental Defendants "fail[ed] to notify the plaintiff's attorney or the Jefferson County District Attorney" of purportedly unlawful actions of Defendants Hamilton and McKiness.

In conclusion, Plaintiff states as follows:

> As a result of the actions of the defendants, plaintiff was "coerced" into "fundamentally unfair trial" from August 12, 2014 through August 13, 2014, and plaintiff was unconstitutionally sentenced on November 3, 2014[1] and was unconstitutionally imprisoned illegally for 21 months . . . . The illegal unconstitutional conviction is the subject of collateral attack pursuant to 28 U.S.C. 2255 in the United States District Court for the Western District of Kentucky in case no. 3:13-cr-000141-JHM-CHL USA v. Ray; and is awaiting decision . . . . As a result solely of the unlawful and illegal unconstitutional acts of the defendants, plaintiff was denied fundamental rights, was deprived of liberty, illegally unconstitutionally convicted, and forced to illegally unconstitutionally serve 21 months in prison in violation of his constitutional rights 'guaranteed' by the laws and Constitution of the United States . . . . In addition, plaintiff was forced to undergo mental pain and mental suffering of these fundamentally unfair proceedings and will bear lasting and permanent mental scars of the illegal unconstitutional serving of 21 months in prison for the rest of his life.

As relief, Plaintiff seeks compensatory and punitive damages and a declaratory judgment that Defendants "violated the plaintiff's due process."

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to

---

[1] A review of Plaintiff's criminal action reveals that he was sentenced to a 24-month term of imprisonment. *See* DN 51, 3:13-cr-00141-JHM-CHL.

3

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. § 1983/*Bivens*

At the outset, the Court advises that two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In this case, Defendants Hamilton, Jefferson County, and LMPD are state actors, and the claims against them are properly brought under § 1983. Defendants McKiness and the United States Government, however, are federal actors and not subject to suit under § 1983.

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the U.S. Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights," *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996), and decisional law developed under § 1983 has been fully applied to *Bivens* suits. *Butz v. Economou*, 438 U.S. 478, 498-504 (1978). Further, "a *Bivens* claim may not be asserted against a federal officer in his official capacity," *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991), and a *Bivens* action cannot be brought against the United States. *See Soto v. Ne. Ohio Corr. Ctr.*, No. 4:14CV0297, 2014 WL 4327919, at *2 (N.D. Ohio Aug. 29, 2014) ("*Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations. A *Bivens* action therefore cannot be brought against a federal prison, the BOP, the United States Government or

any agent of the United States Government in his official capacity.") (citing *Malesko*, 534 U.S. 61).

Accordingly, the Court construes the § 1983 individual-capacity claims against Defendant McKiness as being brought pursuant to *Bivens*; will dismiss the § 1983/*Bivens* claims against Defendant McKiness in his official capacity; and will dismiss the § 1983/*Bivens* claims against the United States Government.

### B. *Heck* Bar

Under *Heck v. Humphrey*, 512 U.S. 477, 484 (1994), any civil rights claim which would necessarily call into question the validity of a criminal conviction is not cognizable until that conviction is reversed or otherwise vacated. The *Heck* Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (footnote omitted). If a ruling on a § 1983 claim would necessarily imply the invalidity of any outstanding criminal judgment against the plaintiff, the § 1983 claim must be dismissed, not for lack of exhaustion of state remedies, but because it is simply not cognizable until the criminal judgment has been terminated in the plaintiff's favor. *Id.* at 487. The requirement that the prior criminal action ended favorably for the accused "'avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Id*. at 484 (citation omitted). "*Heck*'s litigation bar applies with equal force to *Bivens* actions." *Baranski v. Fifteen Unknown*

*Agents of Bureau of Alcohol, Tobacco & Firearms*, 452 F.3d 433, 460 (6th Cir. 2006) (citing *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998)).

In the present case, a ruling by the Court that Plaintiff's Fifth, Sixth, and Fourteenth Amendment rights were violated by Defendant Hamilton allegedly illegally obtaining a confession and by Defendant McKiness allegedly illegally using that evidence during trial would necessarily render that conviction invalid. "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." *Id*. at 486. Plaintiff's criminal conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. In fact, review of his federal criminal action, 3:13-cr-00141-JHM-CHL, reveals that his conviction was upheld on direct appeal[2] (No. 14-6403, 6th Cir. Feb. 4, 2016) (Order, DN 67), and that Plaintiff has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence[3] that is currently pending (DN 71). The *Heck* doctrine, therefore, bars Plaintiff's claims.

In his motion for his civil action to proceed and its supplement, Plaintiff argues that an exception to *Heck* applies to his case. He asserts:

> In a concurring opinion in Heck, Justice Souter expressed the view that the favorable-termination requirement did not preclude 1983 lawsuits by persons who could not have their convictions or sentences overturned through habeas review. Because petitioners may obtain habeas relief only if they are in "custody," persons "who were merely fined, for example, or who have completed short terms of imprisonment, probation, parole, or who discover (through no fault of their own) a constitutional violation after full expiration of their sentences" are prohibited from bringing a habeas action to challenge their conviction and sentence.

---

[2] In its Order affirming Plaintiff's criminal conviction, the Sixth Circuit Court of Appeals indicated that in his appeal he "contends that the police violated both his Fifth and Sixth Amendment rights and that the district court should have suppressed the evidence of his nervous physical reaction and his utterance 'I didn't hurt anybody.'" (DN 67).

[3] In his § 2255 motion, Plaintiff alleges a violation of his Fifth and Fourteenth Amendment rights, his Miranda rights, and right against self-incrimination, all arising out of the circumstances surrounding his statement "I didn't hurt anybody."

Plaintiff indicates that he "has completed serving his 24 month sentence of imprisonment and has been released from custody" and that "[a]lso, under the 1 year supervised release requirement where the plaintiff has already served 40% of it, the Court has already denied the plaintiff's request for expedited ruling[4] on his 28 U.S.C. 2255 petition for habeas relief . . . preventing habeas relief before expiration of the supervised release term rendering the habeas petition moot."

It is true in the Sixth Circuit that "*Heck*'s favorable-termination requirement cannot be imposed against § 1983 plaintiffs who lack a habeas option for the vindication of their federal rights." *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 603 (6th Cir. 2007). Such instances where a plaintiff's § 1983 suit could proceed despite noncompliance with the favorable-termination requirement have been found where a "plaintiff had been assessed only a monetary fine in his criminal proceeding and thus was ineligible for habeas relief," *id.* (citing *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999)); where the plaintiff could not pursue habeas relief because he had been released from jail, *id.* (citing *Nonnette v. Small*, 316 F.3d 872, 875-77 (9th Cir. 2002)); and where the plaintiff could not pursue habeas relief to challenge extradition procedures because the plaintiff had already been extradited. *Id.* (citing *Harden v. Pataki*, 320 F.3d 1289, 1298-99 (11th Cir. 2003)).

Here, Plaintiff was imprisoned for 21 months and is still in "custody" because he is serving his one-year term of supervised released. *United States v. Sferrazza*, 645 F. App'x 399, 405 (6th Cir. 2016) ("[A] defendant is 'in custody' while she is completing her supervised release term."). Moreover, he challenged his conviction on direct appeal and is currently collaterally challenging his conviction as evidenced by his pending § 2255 motion. He is not in

---

[4] For clarification purposes, the Court advises that the criminal docket sheet reveals Plaintiff's motion for expedited ruling (DN 70) on his § 2255 motion is still pending. By Order entered June 30, 2016 (DN 78), the Court denied his motion for stay of supervised release pending decision of his § 2255 motion.

the same situation as a plaintiff who has only been fined or who has been sentenced to such a short period of time so as to be precluded from filing a habeas-type petition. *See Powers*, 501 F.3d at 603 ("Powers was fined for his reckless-driving misdemeanor and then imprisoned for at least one, but not more than thirty, days for his failure to pay the fine. Under these circumstances, there is no way that Powers could have obtained habeas review of his incarceration.").

    For these reasons, by separate Order, the complaint will be dismissed, and Plaintiff's motion and supplement asking for his civil action to proceed will be denied.

Date: November 28, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       United States Attorney
       Jefferson County Attorney
4416.005